UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CR423-0035

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO. |
| | ) |
| v. | ) 21 U.S.C. § 841(a)(1) |
| | ) Distribution of Controlled Substances |
| GREGORY SMILEY, | ) |
| LENA SMILEY, | ) 21 U.S.C. § 841(a)(1) |
| JAMES BURTON, | ) Possession With Intent to Distribute |
| a/k/a "Muffin," | ) Controlled Substances |
| JASON BURTON, | ) |
| a/k/a "JB," | ) 21 U.S.C. § 846 |
| CHARLES TOLBERT, | ) Conspiracy to Possess With Intent to |
| a/k/a "Charlie Boy," | ) Distribute and to Distribute |
| WILBERT GORDON, | ) Controlled Substances |
| a/k/a "Slap," | ) |
| ANTHONY WILLIAMS, | ) 21 U.S.C. § 856(a)(1) |
| EBONY COLEMAN, | ) Maintaining Drug-Involved Premises |
| RICHARD WOOD, | ) |
| ARMOND SMITH, | ) 18 U.S.C. § 922(g)(1) |
| JEROME JENKINS, | ) Possession of a Firearm by a |
| ROBERT JONES, | ) Prohibited Person |
| LEON BROWN, | ) |
| SHADAR WRIGHT, and | ) 18 U.S.C. § 924(c) |
| TYWANNA LEWIS | ) Using and Carrying a Firearm During |
| | ) and in Relation to a Drug Trafficking |
| | ) Crime |
| | ) |
| | ) 18 U.S.C. § 1956(h) |
| | ) Conspiracy to Launder Money |
| | ) |
| | ) 18 U.S.C. § 1956(a)(1)(B)(i) |
| | ) Concealment Money Laundering |
| | ) |
| | ) 18 U.S.C. § 1957 |
| | ) Money Laundering Involving Over |
| | ) $10,000 |
| | ) |
| | ) 18 U.S.C. § 2 |
| | ) Aiding and Abetting |
| | ) |
| | ) FILED UNDER SEAL |



**THE GRAND JURY CHARGES THAT:**

<u>COUNT ONE</u>
*Conspiracy to Possess With Intent to Distribute and*
*to Distribute Controlled Substances (Cocaine, Cocaine Base, Fentanyl,*
*Methamphetamine, and Marijuana)*
21 U.S.C. § 846

Beginning on a date at least as early as January 2017, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendants,

GREGORY SMILEY,
LENA SMILEY,
JAMES BURTON a/k/a "Muffin,"
JASON BURTON a/k/a "JB,"
CHARLES TOLBERT a/k/a "Charlie Boy,"
WILBERT GORDON a/k/a "Slap,"
ANTHONY WILLIAMS,
EBONY COLEMAN,
RICHARD WOOD,
ARMOND SMITH,
JEROME JENKINS,
ROBERT JONES,
LEON BROWN,
SHADAR WRIGHT,
and
TYWANNA LEWIS,

did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to possess with intent to distribute and to distribute 5 kilograms or more of cocaine;  28 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"); a mixture or substance containing a detectable amount of fentanyl; a mixture or substance containing a detectable amount of  methamphetamine; all Schedule II controlled substances; and a mixture or substance containing a detectable amount of

marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 846.

<u>**COUNT TWO**</u>
*Distribution of a Controlled Substance (Cocaine Base)*
21 U.S.C. § 841(a)(1)

On or about April 5, 2022, in Chatham County, within the Southern District of

Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did knowingly and intentionally distribute a mixture or substance containing a

detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

4

## COUNT THREE
*Distribution of a Controlled Substance (Cocaine Base)*
21 U.S.C. § 841(a)(1)

On or about April 13, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FOUR
*Distribution of a Controlled Substance (Cocaine)*
21 U.S.C. § 841(a)(1)

On or about May 26, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE
*Distribution of a Controlled Substance (Cocaine)*
21 U.S.C. § 841(a)(1)

On or about June 2, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX
*Distribution of a Controlled Substance (Cocaine)*
21 U.S.C. § 841(a)(1)

On or about July 8, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN
*Distribution of a Controlled Substance (Cocaine)*
21 U.S.C. § 841(a)(1)

On or about August 12, 2022, in Chatham County, within the Southern District of Georgia, the defendants,

**JAMES BURTON a/k/a "Muffin,"**
**and**
**ARMOND SMITH,**

aided and abetted by each other, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT

*Distribution of a Controlled Substance (Cocaine and Cocaine Base)*
21 U.S.C. § 841(a)(1)

On or about October 18, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine and a mixture or substance containing a detectable amount of cocaine base ("crack"), both Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE
*Distribution of a Controlled Substance (Cocaine Base)*
21 U.S.C. § 841(a)(1)

On or about November 2, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**CHARLES TOLBERT a/k/a "Charlie Boy,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

11

## COUNT TEN
*Distribution of a Controlled Substance (Cocaine Base)*
21 U.S.C. § 841(a)(1)

On or about November 15, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**CHARLES TOLBERT a/k/a "Charlie Boy,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

12

## COUNT ELEVEN
*Distribution of a Controlled Substance (Cocaine and Fentanyl)*
21 U.S.C. § 841(a)(1)

On or about December 2, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**WILBERT GORDON a/k/a "Slap,"**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWELVE

*Possession with Intent to Distribute Controlled Substances (Cocaine Base and
Methamphetamine)*
21 U.S.C. § 841(a)(1)

On or about December 21, 2022, in Chatham County, within the Southern

District of Georgia, the defendants,

**GREGORY SMILEY,
and
EBONY COLEMAN,**

aided and abetted by each other, did knowingly and intentionally possess with intent

to distribute a mixture or substance containing a detectable amount of cocaine base

("crack") and a mixture or substance containing a detectable amount of

methamphetamine, both Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

14

## COUNT THIRTEEN
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as October 2022, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendants,

**GREGORY SMILEY,**
**and**
**EBONY COLEMAN,**

aided and abetted by each other and others unknown, did lease, rent, use, and maintain a place located at 217 West Henry, Apartment C, Savannah, Georgia, for the purpose of distributing cocaine, cocaine base ("crack"), methamphetamine, all Schedule II controlled substances; and marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

*Possession with Intent to Distribute Controlled Substances (Cocaine, Cocaine Base, and Marijuana)*
21 U.S.C. § 841(a)(1)

On or about December 21, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

### GREGORY SMILEY,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a mixture or substance containing a detectable amount of cocaine base ("crack"), both Schedule II controlled substances, and a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTEEN
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as January 2017, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendants,

**GREGORY SMILEY,**
**and**
**TYWANNA LEWIS,**

aided and abetted by each other and others unknown, did lease, rent, use, and maintain a place located at 10 Concordia Drive, Savannah, Georgia, for the purpose of distributing cocaine, cocaine base ("crack"), both Schedule II controlled substances; and a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

<u>**COUNT SIXTEEN**</u>
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as January 2017, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendant,

**JAMES BURTON a/k/a "Muffin,"**

did lease, rent, use, and maintain a place located at 2017 Lewden Street, Savannah, Georgia, for the purpose of distributing cocaine and cocaine base ("crack"), both Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

18

## COUNT SEVENTEEN

*Possession of a Firearm by a Prohibited Person*
18 U.S.C. § 922(g)(1)

On or about December 21, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

### JAMES BURTON a/k/a "Muffin,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Ranger Model 34, .22 caliber rifle, which had previously been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHTEEN
*Possession with Intent to Distribute a Controlled Substance (Marijuana)*
21 U.S.C. § 841(a)(1)

On or about December 21, 2022, in Chatham County, within the Southern

District of Georgia, the defendants,

**GREGORY SMILEY,**
**and**
**LENA SMILEY,**

aided and abetted by each other, did knowingly and intentionally possess with intent

to distribute a mixture or substance containing a detectable amount of marijuana, a

Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

20

## COUNT NINETEEN
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as October 2017, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendants,

**GREGORY SMILEY,**
**and**
**LENA SMILEY,**

aided and abetted by each other and others unknown, did lease, rent, use, and maintain a place located at 1534 Chevy Chase Road, Savannah, Georgia, for the purpose of distributing marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY

*Possession with Intent to Distribute a Controlled Substance (Cocaine and Marijuana)*
21 U.S.C. § 841(a)(1)

On or about December 21, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**WILBERT GORDON a/k/a "Slap,"**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-ONE
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as October 2022, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendant,

**WILBERT GORDON a/k/a "Slap,"**

did lease, rent, use, and maintain a place located at 2006 Weldon Street, Savannah, Georgia, for the purpose of distributing cocaine, fentanyl, both Schedule II controlled substances; and marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1).

## COUNT TWENTY-TWO
*Possession with Intent to Distribute a Controlled Substance (Cocaine Base)*
21 U.S.C. § 841(a)(1)

On or about December 21, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**CHARLES TOLBERT a/k/a "Charlie Boy,"**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-THREE
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as January 2022, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendant,

**CHARLES TOLBERT a/k/a "Charlie Boy,"**

did lease, rent, use, and maintain a place located at 305 Portland Street, Savannah, Georgia, for the purpose of distributing cocaine base ("crack"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1).

## COUNT TWENTY-FOUR
*Possession of a Firearm by a Prohibited Person*
18 U.S.C. § 922(g)(1)

On or about December 21, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**CHARLES TOLBERT a/k/a "Charlie Boy,"**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Smith & Wesson, Model 36, .38 caliber revolver, which had previously been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-FIVE
*Firearm in Furtherance of a Drug Trafficking Crime*
18 U.S.C. § 924(c)

On or about December 21, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**CHARLES TOLBERT a/k/a "Charlie Boy,"**

did knowingly possess a firearm in furtherance of at least one drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, *Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances*, in violation of Title 21, United States Code, Section 846, as charged in Count 1 of this Indictment, and *Possession with Intent to Distribute a Controlled Substance*, in violation of Title 21, United States Code, Section 841, as charged in Count 22 of this Indictment.

All in violation of Title 18, United States Code, Section 924(c).

<u>**COUNT TWENTY-SIX**</u>
*Possession with Intent to Distribute a Controlled Substance (Cocaine)*
21 U.S.C. § 841(a)(1)

On or about December 21, 2022, in Chatham County, within the Southern

District of Georgia, the defendant,

**ANTHONY WILLIAMS,**

did knowingly and intentionally possess with intent to distribute a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-SEVEN
*Maintaining Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as November 2022, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, the defendant,

**ANTHONY WILLIAMS,**

did lease, rent, use, and maintain a place located at 100 Prince Royal Lane, Savannah, Georgia, for the purpose of distributing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1).

## COUNT TWENTY-EIGHT
*Conspiracy to Launder Money*
18 U.S.C. § 1956(h)

Beginning on a date at least as early as January 2017, up to and including the return date of this Indictment, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendants,

**GREGORY SMILEY,
LENA SMILEY,
and
TYWANNA LEWIS,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, namely, violations of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957, as further described herein.

### The Manner and Means of the Conspiracy

The conspiracy was executed in the following manner through the following means:

Beginning in at least January 2017, members of a drug trafficking organization began to acquire quantities of cocaine, cocaine base, fentanyl, methamphetamine, all Schedule II Controlled Substances, for distribution. The controlled substances were transported through and distributed in the Southern District of Georgia, and elsewhere during the time frame of this conspiracy. Numerous individuals were used to distribute the controlled substances and the bulk currency generated from the sale of the controlled substances. All of these actions were committed in violation of Title

21, United States Code, Sections 841 and 846 ("specified unlawful activity") and generated proceeds as a result.

Starting at a date unknown, but no later than approximately 2022 and continuing until the return of this Indictment, the proceeds generated by the drug trafficking organization were used in financial transactions to promote the carrying on of the specified unlawful activity.   During the course of this conspiracy, **GREGORY SMILEY, LENA SMILEY, TYWANNA LEWIS,** and others known and unknown, used bank accounts and acquired assets such as real estate and vehicles, made payments on rental properties, made payments on assets and invested into businesses, and conducted transactions at various casinos, financial institutions, using proceeds derived from this specified unlawful activity.

It was part of the conspiracy that **GREGORY SMILEY, LENA SMILEY, TYWANNA LEWIS,** and others unknown, conducted financial transactions using the proceeds the specified unlawful activity in order to promote the carrying on of the specified unlawful activity.   **GREGORY SMILEY** and **TYWANNA LEWIS** combined, conspired, confederated and agreed together, to use a portion of the proceeds from the illegal distribution of controlled substances, to put the proceeds into **TYWANNA LEWIS's** personal bank account, and then use that currency to rent a house on 10 Concordia Drive, Savannah, Georgia in **TYWANNA LEWIS's** name.

It was also part of the conspiracy that **GREGORY SMILEY** and others, known and unknown, used proceeds from the specified unlawful activity to purchase and/or rent other real properties, which were used to further promote the carrying on of the

specified unlawful activity. The following properties were also used by the **GREGORY SMILEY, LENA SMILEY,** and **TYWANNA LEWIS,** as drug-involved premises:

- 2017 Lewden Street, Savannah, Georgia;
- 1534 Chevy Chase, Savannah, Georgia; and
- 2026 Eppinger Street, Savannah, Georgia.

It was also part of the conspiracy that **GREGORY SMILEY**, aided and abetted by **LENA SMILEY** and others known and unknown, transported the proceeds from the distribution of the said controlled substances from the Southern District of Georgia to Las Vegas, Nevada and Maryland. While there, **GREGORY SMILEY**, exchanged cash for casino credit ("cashing in") at various casinos, and then exchanged casino credit for cash ("cashing out"), in a process sometimes called "cleaning" the currency. This was done knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the money, as proceeds of the distribution of the said controlled substances. Many of these transactions were of a value greater than $10,000.00 and involved casinos.

**GREGORY SMILEY, LENA SMILEY,** and **TYWANNA LEWIS** knew at the time of the money laundering transactions and attempted transactions that the money being used represented the proceeds of some form of unlawful activity.

All done in violation of Title 18, United States Code, Section 1956(h).

## COUNTS TWENTY-NINE THROUGH THIRTY-FOUR
*Money Laundering Involving Over $10,000*
18 U.S.C. § 1957(a)

On or about the following dates at the following casinos, in Las Vegas, in the District of Nevada, the defendant,

**GREGORY SMILEY,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage the following monetary transactions by through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value of greater than $10,000.00, that is the deposit, withdrawal, transfer and exchange of U.S. currency, funds, and monetary instruments, to wit, exchanging cash for casino credit ("cashing in") and exchanging casino credit for cash or electronic funds ("cashing out"), such property being derived from a specified unlawful activity, that is distribution and possession with intent to distribute controlled substances and conspiring to do so in violation of Title 21, United States Code, Sections 841 and 846, after having participated in the transfer of proceeds of the specified unlawful activity from the Southern District of Georgia to the District of Nevada:

| COUNT | DATE | LOCATION | TRANSACTION | AMOUNT |
|-------|------|----------|-------------|--------|
| 29 | September 7, 2022 | MGM Bellagio | Cash-In | $25,900.00 |
| 30 | September 7, 2022 | MGM Bellagio | Cash-Out | $26,135.00 |
| 31 | September 9, 2022 | MGM Bellagio | Cash-In | $54,725.00 |

| 32 | September 9, 2022 | MGM Bellagio | Cash-Out | $37,935.00 |
|----|-------------------|--------------|----------|------------|
| 33 | September 23, 2022 | MGM Bellagio | Cash-In | $23,500.00 |
| 34 | September 23, 2022 | MGM Bellagio | Cash-Out | $30,450.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS THIRTY-FIVE THROUGH FORTY
*Concealment Money Laundering*
18 U.S.C. §§ 1956(a)(1)(B)(i)

On or about the following dates at the following casinos, in Las Vegas, in the District of Nevada, and Oxon Hill, in the District of Maryland, the defendant,

**GREGORY SMILEY,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, to wit, exchanging cash for casino credit ("cashing in") and exchanging casino credit for cash or electronic funds ("cashing out"), which involved the proceeds of a specified unlawful activity, that is distribution and possession with intent to distribute controlled substances and conspiring to do so, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and having participated in the transfer of the proceeds of the specified unlawful activity from the Southern District of Georgia to the District of Nevada and to the District of Maryland :

| COUNT | DATE | LOCATION | TRANSACTION | AMOUNT |
|-------|------|----------|-------------|--------|
| 35 | November 29, 2022 | MGM Bellagio | Cash-In | $20,000.00 |
| 36 | November 29, 2022 | MGM Bellagio | Cash-Out | $21,800.00 |

| 37 | December 5, 2022 | MGM National Harbor | Cash-In | $32,976.00 |
|---|---|---|---|---|
| 38 | December 5, 2022 | MGM National Harbor | Cash-Out | $23,000.00 |
| 39 | December 16, 2022 | MGM National Harbor | Cash-In | $56,100.00 |
| 40 | December 16, 2022 | MGM National Harbor | Cash-Out | $55,800.00 |

All in violation of Title 18, United States Code, Sections 1956 and 2

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 924(d)(1) and § 982(a)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924(d) and 982(a)(1), Title 21, United States Code, Section 853(a), and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses in violation of Title 21 of the United States Code set forth in this Indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, or shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), including but not limited to:

- 2017 Lewden Street, Savannah, GA;
- 1534 Chevy Chase, Savannah, GA;
- 2026 Eppinger Street, Savannah, GA;
- $123,402.00 in U.S. Currency (discovered at 10 Concordia Drive, Savannah, GA);
- $15,179.00 in U.S. Currency (seized from Gregory SMILEY at the Atlanta Airport);
- $21,950.00 in U.S. Currency (discovered at 2017 Lewden Street, Savannah, Georgia);
- Wells Fargo Bank Account of Gregory SMILEY DBA Top Fashions: Account Number ending in 9154;
- Navy Federal Bank Account of Gregory SMILEY: "Flagship Checking" Account Number: ending in 1794;
- Incorporating Services, LTD, Robinhood Markets, Inc. Account for Gregory SMILEY: Account Number: ending in 6094;
- $10,157.00 in US. Currency (discovered at 2006 Weldon Street, Savannah, Georgia);
- Man's Rolex Oyster Perpetual Air-King Watch (discovered at 305 Portland Street, Savannah, Georgia); and

- Assorted Jewelry.

Upon conviction of one or more offenses in violation of Title 18, United States Code, Sections 922 and 924, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense, including but not limited to:

- Smith & Wesson, Model 36, .38 caliber revolver, bearing serial number 50J798; and
- Ranger, Model 34, .22 caliber long rifle (no serial number).

Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1956 and 1957, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), and property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, and any property, real or personal, that was involved in, used, or intended to be used to commit or facilitate the commission of such violations, and any property traceable to such property, including but not limited to:

- 2017 Lewden Street, Savannah, GA;
- 1534 Chevy Chase, Savannah, GA;
- 2026 Eppinger Street, Savannah, GA;
- $123,402.00 in U.S. Currency (discovered at 10 Concordia Drive, Savannah, GA);
- $15,179.00 in U.S. Currency (seized from Gregory SMILEY at the Atlanta Airport);
- $21,950.00 in U.S. Currency (discovered at 2017 Lewden Street, Savannah, Georgia);
- Wells Fargo Bank Account of Gregory SMILEY DBA Top Fashions: Account Number ending in 9154;
- Navy Federal Bank Account of Gregory SMILEY: "Flagship Checking" Account Number: ending in 1794;

- Incorporating Services, LTD, Robinhood Markets, Inc. Account for Gregory SMILEY: Account Number: ending in 6094;
- $10,157.00 in US. Currency (discovered at 2006 Weldon Street, Savannah, Georgia);
- Man's Rolex Oyster Perpetual Air-King Watch (discovered at 305 Portland Street, Savannah, Georgia); and
- Assorted Jewelry.

If any of the property described above, as a result of any act or commission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

{Signatures on Following Page}

39

Jill E. Steinberg
United States Attorney

Marcela C. Mateo
Assistant United States Attorney
*Lead Counsel

Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division

Darron Hubbard
Assistant United States Attorney
*Co-counsel